IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE NELSON GONZALEZ GARCIA, TDCJ No. 1322024, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-0191 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## ORDER GRANTING MOTION TO DISMISS

In this action under 28 U.S.C. § 2254, Texas state prisoner Jose Nelson Gonzalez Garcia challenges convictions for aggravated kidnapping, robbery, a third-degree felony of driving while intoxicated, and two convictions for aggravated robbery. The respondent, Lorie Davis, the Director of the Texas Department of Criminal Justice, has moved to dismiss, arguing a lack of jurisdiction over Garcia's challenge to his DWI, and a failure to exhaust or to timely file the remaining claims.

### I.  Background

Garcia alleges that:

1. he was denied effective assistance of counsel because counsel "filed no pretrial motions, filed no pretrial discovery motion; performed no investigation in the facts on my cases;" and "permitted the state to address all criminal allegations/charges against [him] in one trial," then "coaxed [him] into entering pleas of guilty to cover up [her] lack of preparation for trial;" and

2. his "pleas of guilty were not knowingly, voluntarily or understandingly entered with the effective assistance of trial counsel" because "counsel refused to investigate [his] case" and "form a defense."

ECF No. 1 ("Fed. Writ Pet.") at 6–7.

Garcia challenges, in part, the judgment and sentence of the 339th District Court of Harris County, Texas, in Cause Number 964367. (Fed. Writ Pet. At 2; Respondent's Exhibit ("RX") A at 9–10). Garcia was charged by information with driving while intoxicated. He waived his right to be charged by indictment, pleaded guilty, and received a 6-year probated sentence. That was revoked and he was sentenced on August 29, 2005 to 6 years of imprisonment in TDCJ. Garcia discharged this sentence on July 8, 2010.

Garcia is in custody for sentences imposed in Cause Numbers 994574, 994575, 994717, and 994576, in the 339th District Court of Harris County, Texas, where he pleaded guilty to aggravated kidnapping, two charges of aggravated robbery, and robbery. RX B. Garcia received a 20-year sentence for robbery and life imprisonment for the remaining convictions. *Id.*; *see Garcia v. State*, Nos. 14-05-00937-CR, 14-05-0938-CR, 14-05-00939-CR, 14-05-00940-CR, 2006 WL 3627623, *1 (Tex. App.—Houston [14th Dist.] Dec. 14, 2007).

The Fourteenth Court of Appeals of Texas affirmed these convictions and sentences on December 14, 2006, and the Texas Court of Criminal Appeals refused petitions for discretionary review. *Garcia*, Nos. 14-05-00937-CR, 14-05-0938-CR, 14-05-00939-CR, 14-05-00940-CR; *Garcia v. State*, Nos. PD-0328-07, PD-0329-07, PD-0330-07, PD-0331-07 (Tex. Crim. App. Apr. 25, 2007).

Garcia filed a state-court habeas challenging his robbery conviction, Cause Number 994576, on August 23, 2016. RX C at 1–13. The Texas Court of Criminal Appeals denied his state habeas application without written order, on the findings of the trial court, without a hearing, on June 14, 2017. RX C at 14. Garcia did not challenge the other convictions through a state habeas application.

He filed this federal petition for habeas relief on January 16, 2018. Fed. Writ Pet. at 10; *see Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

## II. The Issue of Subject Matter Jurisdiction

Federal district courts have jurisdiction over habeas corpus petitions only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A petitioner satisfies the "in custody" requirement if the challenged conviction has not fully expired when the petitioner files a § 2254 petition. *See Carafas v. Lavallee*, 391 U.S. 234, 238 (1968). But a petitioner is not "in custody" for a conviction if he "suffers no present restraint" from that conviction. *Maleng v. Cook*, 490 U.S. 488, 492 (1989).

Garcia had fully served his 6-year sentence for his conviction of driving while intoxicated when he filed this petition. RX A at 11 ("MAX: 07-08-2010"). Garcia was no longer "in custody" on that conviction and sentence when he filed his § 2254 petition.

The exception to the "in custody" requirement does not apply here. In *Lackawanna County Dist. Att'y v. Coss*, 532 U.S. 394 (2001), the Supreme Court recognized that a petitioner may challenge his conviction for which he has discharged the sentence if that conviction was used to enhance the sentence the petitioner is serving when he filed his federal writ petition, or if "there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. Neither exception applies to Garcia's federal petition for habeas relief.

This court lacks subject-matter jurisdiction over this § 2254 petition challenging Garcia's DWI conviction.

## III. The Issue of Untimely Filing

Garcia's challenges to his four remaining convictions cannot proceed because he filed the § 2254 petition too late. AEDPA provides a one-year period for filing federal habeas corpus petitions by persons in custody under a state court conviction. The one-year deadline to file ran from "the date on which the judgment[s] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Garcia's convictions became final on July 24, 2007, when the time for filing a petition for writ of certiorari expired, 90 days after the TCCA refused Garcia's petitions for discretionary review. Sup. Ct. R. 13.1. The last day for Garcia to file a timely federal petition under the AEDPA one-year deadline was on Thursday, July 24, 2008. Garcia did not file a state habeas application challenging his convictions for aggravated robbery or aggravated kidnapping. Garcia filed this petition on January 16, 2018, over 9 years too late. His claims are time barred unless he is entitled to delay, or toll, the deadline.

Garcia challenged his robbery conviction through an application for state habeas relief, but he did not file that state application before his AEDPA limitations period expired. His state habeas did not delay the deadline to file his federal petition. Garcia's deadline to file a federal § 2254 suit challenging that robbery conviction was also July 24, 2008. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The Supreme Court has held "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGugleiemo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). The record presents no basis to infer that the State of Texas actively misled Garcia or impeded his federal-court

filing in any way. Nor does the record show the involvement of a constitutional right that is newly recognized and made retroactively applicable to cases on collateral review. Finally, the record provides no basis to infer that Garcia did not know the factual predicate for his claims early or could not have discovered them through reasonable diligence. 28 U.S.C. § 2244(d)(1)(B)–(D); *see Flores v. Quarterman*, 467 F.3d 484, 487 (5th Cir. 2006). Garcia also fails to identify "rare and exceptional circumstances" that could warrant equitable tolling doctrine. Garcia states that he has a fourth-grade education, could not afford to hire an attorney, and only belatedly found assistance from fellow inmates. The Fifth Circuit has held that self-representation, illiteracy, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are neither rare nor exceptional. They are insufficient to delay the statute of limitations. ECF No. 2 at 7–8; *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000).

Finally, Garcia fails to identify facts that support an inference that he acted with the diligence needed for equitable tolling. Garcia did not challenge his conviction for aggravated robbery and aggravated kidnapping through a state habeas application after his petition for discretionary review was refused on April 25, 2007. Garcia waited over 10 years after that before he filed this federal petition. Garcia did file a state habeas application challenging his robbery conviction, but he waited more than 8 years after his petition for discretionary review was refused before filing it. And Garcia did not file this federal petition until 6 months after the state habeas application was denied.

No extraordinary circumstances are present here to excuse Garcia's late filing. Nor has Garcia demonstrated diligence. The § 2254 claim directed to the aggravated robbery, robbery, and aggravated kidnapping convictions is dismissed, with prejudice.

## IV. Conclusion

This § 2254 petition is dismissed. No certificate of appealability is issued because Garcia does not meet the requirements.

SIGNED on July 23, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge